1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RODERICK GAY,                           No.  2: 20-cv-1249 WBS KJN P

12                  Plaintiff,

13        v.                                 ORDER

14   SUPERIOR COURT, et al.,

15                  Defendants.

16

17        Plaintiff is a prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis is granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

28   payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3       The court is required to screen complaints brought by prisoners seeking relief against a

4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

8       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

15  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

16  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

17  1227.

18       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

19  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

23  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

24  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

25  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

26  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

27  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

28  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

1   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

2   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

3   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

4          Named as defendants are the Superior Court and Sacramento County.  In the section of the

5   complaint form titled "Statement of Claim," plaintiff writes,

6                  Failure to arraign within 72 hours of arrest therefore my due process
                   rights have been violated.  Have violated my 6th and 8th Amendment
7                  and have failed my right to a speedy trial.

8   (ECF No. 1 at 3.)

9          As relief, plaintiff seeks all charges dismissed and 2.5 million dollars.

10          It appears that plaintiff is challenging pending criminal charges.  In Heck v. Humphrey,

11   512 U.S. 477, 486-87 (1994), the Supreme Court held:

12                  [T]o recover damages for an allegedly unconstitutional conviction or
                   imprisonment, or for other harm caused by actions whose lawfulness
13                  would render a conviction or sentence invalid, a § 1983 plaintiff must
                   prove that the conviction or sentence has been reversed on direct
14                  appeal, expunged by executive order, declared invalid by a state
                   tribunal authorized to make such determination, or called into
15                  question by a federal court's issuance of a writ of habeas corpus[.]

16   512 U.S. at 487.

17          Heck does not bar a plaintiff from bringing an action raising claims challenging ongoing

18   criminal proceedings.  However, Wallace v. Kato, 549 U.S. 384, 393-94 (2007), explains that

19   such an action should be stayed:

20                  [i]f plaintiff files a false-arrest claim before he [or she] has been
                   convicted (or files any other claim related to rulings that likely will
21                  be made in a pending or anticipated criminal trial), it is within the
                   power of the district court, and in accord with common practice, to
22                  stay the civil action until the criminal case or the likelihood of a
                   criminal case is ended.
23

24   459 U.S. 393-94.

25          Later, "[i]f the plaintiff is convicted, and if the stayed civil suit would impugn that

26   conviction, Heck requires dismissal; otherwise, the case may proceed."  Yuan v. City of Los

27   Angeles, 2010 WL 3632810 at *5 (C.D. Cal. Aug. 19, 2010) (citing Wallace, 549 U.S. at 393);

28   Peyton v. Burdick, 358 Fed.Appx. 961 (9th Cir. 2009) (vacating judgment in a § 1983 case where

1  claims implicated rulings likely to be made in pending state court criminal proceedings and

2  remanding for district court to stay action until pending state court proceedings concluded).

3      A finding that a person's due process and speedy trial rights were violated could implicate

4  the validity of a criminal conviction.  Because plaintiff appears to challenge pending criminal

5  charges, plaintiff is ordered to show cause why his request for damages should not be stayed until

6  his pending criminal case is resolved, pursuant to Heck and Wallace.

7      Turning to plaintiff's request for injunctive relief, i.e., dismissal of the pending charges,

8  in Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that a federal court was

9  prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary

10  circumstances" that warrant federal intervention.  Id. at 43–54.  Under the Younger Abstention

11  Doctrine, federal courts may not stay or enjoin pending state criminal court proceedings.  Mann v.

12  Jett, 781 F.2d 1448, 1449 (9th Cir. 1986).  Younger abstention is appropriate when:  (1) the state

13  court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the

14  state proceedings provide an adequate opportunity to raise the constitutional claims.  Middlesex

15  County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

16      Plaintiff is ordered to show cause why his claim for injunctive relief, i.e., intervention in

17  the ongoing criminal proceedings against him, is not barred by the Younger Abstention Doctrine.

18  Plaintiff shall address the three Middlesex factors set forth above.

19      In accordance with the above, IT IS HEREBY ORDERED that:

20      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

21      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

22  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

23  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

24  Sacramento County Sheriff filed concurrently herewith.

25  ////

26  ////

27  ////

28  ////

4

3.  Within thirty days of the date of this order, plaintiff shall show cause why his claim for damages should not be stayed for the reasons discussed above; within thirty days, plaintiff shall also show cause why his request for injunctive relief is not barred by the <u>Younger</u> Abstention Doctrine.

Dated:  July 20, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Gay1249.14

5